ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/29/06

------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                      No. 03 Cr. 782 (LTS)

JIAN LIU,

        Defendant.

------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

On September 13, 2004, Defendant Jian Liu ("Defendant" or "Liu") was convicted on a plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, specifically, defrauding E-Bay customers by not providing goods for which Defendant had received payment. Liu was sentenced to a three-year term of probation on February 1, 2005. On September 28, 2005, the United States Probation Office ("Probation") petitioned the Court for a summons requiring Defendant's appearance before the Court on five Specifications of Violations of Liu's conditions of probation. The Court granted the request on October 3, 2005, and, after several adjournments of the proceedings at the request of the defense, the Court held an evidentiary hearing pursuant to Federal Rule of Criminal Procedure 32.1, on February 24, 2006, on Specifications of Violations Three, Four, and Five. As the state criminal charges underlying Liu's first two probation violation Specifications remain pending, those Specifications were not addressed at the evidentiary hearing.

The Court has considered the hearing testimony and evidence carefully, while also observing the demeanor of the witnesses, and has considered thoroughly all of the written and

Copies mailed/given to Counsel of record
Chambers of Judge Swain 3/28/06

oral submissions of counsel. For the following reasons, the Court finds that the Government has carried its burden of proving by a preponderance of the evidence that Defendant violated the conditions of his probation as charged in the Third, Fourth, and Fifth Specifications. The Court makes the following findings of fact and conclusions of law.

FINDINGS OF FACT

*Terms of Defendant's Probation*

1. Liu began serving his term of probation as of the date of his sentencing, February 1, 2005. (18 U.S.C. § 3564; Test. of Probation Officer Brian Kelly ("Kelly Test."), Evidentiary Hearing Tr. ("Tr."), 33.)

2. Because Liu lives in Queens, his probation is supervised by the United States Probation Office for the Eastern District of New York. Probation Officer Brian Kelly ("P.O. Kelly"), who "specialize[s] in supervising defendants in computer and Internet related crimes," is the Defendant's supervising officer. (Kelly Test., Tr. 8.) P.O. Kelly has been supervising the Defendant since February 2005. (Id.)

3. In addition to the Court-imposed standard conditions of probation, which include the requirement that "the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month,"[1] Liu is required to comply with, among others, the following special conditions of probation:

(1) Defendant is required to perform 400 hours of community service, where and

---

[1] United States Sentencing Guidelines § 5B1.3(c)(2).

as directed by the Probation Department, at a rate of not less than 20 hours per month; and

(2)[2] Defendant is not to use computer systems, Internet-capable devices and/or similar electronic devices [(collectively, "computer systems")] to commit computer fraud and/or other criminal activity. The defendant shall cooperate with the U.S. Probation Department's monitoring of compliance with his condition. Cooperation shall include, but not [be] limited to, participating in a Computer & Internet [M]onitoring Program, identifying computer systems the defendant has access to, allowing the installation of monitoring software/hardware at the defendant's expense, and permitting random examinations of computer systems under the defendant's control.

4. Probation requires Liu to complete monthly supervision reports as well as monthly computer and internet use questionnaires so that Probation may monitor Liu's compliance with particular conditions of his probation.

5. Liu understood the terms and conditions of his probation at the time he signed the various documents setting them forth.

*Non-Disclosure of E-mail Account*

6. Defendant completed and signed a Probation monthly supervision report ("supervision report") on February 2, 2005. (Gov't Ex. 1.) In that report, Defendant indicated that he had the following e-mail address: "Shanghai2Tokyo@AOL.com" ("AOL e-mail account"). (Id.; see also Gov't Ex. 7.) The AOL account Shanghai2Tokyo@AOL.com belongs to Liu and had been opened in July 2004. (Gov't Exs. 7, 9.)

7. Defendant completed supervision reports in each of the following three months. The reports were signed by the Defendant on March 15, 2005 (Gov't Ex. 2), April 20, 2005 (Gov't Ex. 3), and May 10, 2005 (Gov't Ex. 4), respectively. In each of those three

---

[2] Defendant's conditions of probation were modified on March 22, 2005, to include this condition.

reports, Defendant indicated that he had no e-mail addresses. (Id. Exs. 2-4; Kelly Test., Tr. 26.)

8. On March 15, 2005, Defendant completed and signed a Computer & Internet Use Questionnaire ("questionnaire"). (Gov't. Ex. 6.) Above the signature line, the questionnaire includes a warning that "a false statement on this form may result in a violation of supervision or a separate charge of false statements under 18 U.S.C. § 1001 (up to five years imprisonment, a fine of $250,000, or both)." (Id. at 5.) On the questionnaire, Defendant did not list any e-mail accounts. (Id. at 3.)

9. On April 13, 2005, Defendant signed a Computer & Internet Acceptable Use Contract ("computer use contract") issued by the United States Probation Department for the Eastern District of New York. (Gov't Ex. 5.) The terms of the contract allow Defendant to "only access email accounts . . . instant messaging services and/or other online environments which allow for user interaction via accounts pre-approved and authorized by the Probation Department and [his] Probation Officer." (Id. at 1.)

10. The AOL e-mail account was not an account authorized by Probation or by Defendant's Probation Officer. (Kelly Test., Tr. 25.)

11. The AOL e-mail account was active during the term of Defendant's probation. (Liu Test., Tr. 72.) Defendant accessed the AOL e-mail account at least once during his term of probation. (Id. at 67; Gov't Ex. 7.)

*Non-Disclosure of P.O. Box*

12. On January 13, 2004, Defendant completed and signed a United States Postal Service Application for Delivery of Mail Through Agent, i.e., a post office box application.

(Gov't Ex. 8.) Defendant signed the document prior to the time he began probation. The post office box that was issued to Liu in connection with this application is located at 47-01 Greenpoint Avenue. (Id.) Defendant maintained the post office box from January 2004 through at least February 2005. (Gov't Ex. 8; Kelly Test., Tr. 27, 38; Liu Test., Tr. 72.)

13. Defendant completed a supervision report on February 2, 2005. (Gov't Ex. 1.) In that report, Defendant indicated falsely that he did not rent or have access to a post office box. (Kelly Test., Tr. 26-27.)

14. On June 7, 2005, Defendant met with P.O. Kelly, a postal inspector, and a detective from the New York City Police Department. (Liu Test., Tr. 70; Kelly Test., Tr. 12.) At that meeting, Liu was questioned regarding his possible involvement in another scheme to defraud E-bay customers which allegedly occurred prior to his sentencing, but after his plea of guilty. (Kelly Test., Tr. 12.) During that meeting, Defendant admitted to having a post office box and an e-mail account that were not accounted for on his monthly supervision reports and computer use questionnaire. (Liu Test., Tr. 70-71; Kelly Test., Tr. 13, 24, 39.)

15. After the meeting, Defendant was arrested and charged with a scheme to defraud in the first degree and grand larceny in the fourth degree in violation of the New York State Penal Law. Following his arrest, Defendant voluntarily completed and signed a written statement for Detective Jeffrey Felipe of the New York City Police Department. (Gov't

Ex. 9.)[3] In his statement, Defendant acknowledged that "[s]ometime between 09/2004 & 11/2004 payments . . . were sent to my post office box. . . . [the] P.O. Box [is] located at 47-01 Green Point Avenue." (Id.)

*Non-Performance of Community Service*

16. Sister Tesa Fitzgerald ("Fitzgerald"), CSJ, is the Executive Director of Hour Children, a nonprofit charitable organization that "works with incarcerated and formerly incarcerated mothers and their children." (Fitzgerald Test., Tr. 40-41.) Hour Children provides community service work for approximately 20 to 25 offenders on probation and supervised release. (Id. at 41, 49.)

17. Defendant interviewed with Fitzgerald in the beginning of April 2005, and began his community service work at Hour Children shortly thereafter. (Kelly Test., Tr. 31)

18. Defendant did not report any hours worked at Hour Children for the month of July 2005. (Def.'s Ex. A; Gov't Ex. 20; Kelly Test., Tr. 31; Fitzgerald Test., Tr. 7.) When P.O. Kelly questioned Liu in August 2005 as to why Liu had no community service hours for July 2005, Liu responded that it was because he was ill. (Kelly Test., Tr. 32.)

19. Defendant did not contact his probation officer or any of the staff at Hour Children in July

---

[3] During the evidentiary hearing, Defendant made a motion to suppress the written statement on the grounds that the statement "was coerced and it was not really expressed with his free mind at the time" it was made. (Tr. 15.) The Court denied the motion, as the statement contained advisories initialed by the Defendant, "including the advisory that [Liu] had the right to consult an attorney before speaking with the police and to have an attorney present during any questioning now or in the future," and Defendant did not proffer any evidence contradicting Liu's written acknowledgment of his understanding of his rights. (Id. at 16.) Liu's later testimony that he had been coerced into signing the statement was not credible. (See Liu Test., Tr. 67-69.)

2005 to explain why he did not complete his community service hours during that month. (Liu Test., Tr. 73; Kelly Test., Tr. 32; Fitzgerald Test., Tr. 48.)

20. Defendant was dismissed from Hour Children on November 22, 2005, for falsifying his community service time sheets and having a negative attitude. (Gov't Ex. 10; Kelly Test., Tr. 32; Fitzgerald Test., Tr. 44-45.)

21. Defendant falsified his arrival and departure times to Hour Children and falsely reported having worked on a number of Saturdays. (Gov't Ex. 20; Kelly Test., Tr. 32-33; Fitzgerald Test., Tr. 43-47.) Liu's testimony that he was given permission to claim extra hours and that he actually worked the Saturday hours he entered on his time sheets was not credible. (Liu Test., Tr. 62-63, 73-75.) All but four of the 23 hours Liu claimed to have worked in May 2005 were logged as having been worked on Saturdays. (Gov't Ex. 20.)

## CONCLUSIONS OF LAW

1. The government has the burden of proving the alleged probation violations by a preponderance of the evidence. See, e.g., United States v. Conte, 99 F.3d 60, 63 (2d Cir. 1996); United States v. Bentham, __ F. Supp. 2d __, No. 03 Cr. 328(JSR), 2006 WL 343879, at *4 (S.D.N.Y. Feb. 15, 2006); United States v. Gilbert, No. S80 Cr. 493(CSH), 1989 WL 79367 (S.D.N.Y. July 13, 1989).

2. By his own admissions during the June 7 meeting, to which he testified at the evidentiary hearing, Defendant had an AOL e-mail account that he accessed at least once during the term of his probation. Defendant failed to disclose to Probation that he had the AOL e-

mail account as was required on the monthly computer use questionnaire signed and completed by the Defendant on March 15, 2005. Defendant also failed to disclose this e-mail account to Probation on the monthly supervision reports signed and completed by the Defendant in March, April, and May of 2005. Defendant did not disclose his continued maintenance of the account until the June 2005 meeting. Based on these admissions, and on the additional testimonial and documentary evidence presented at the hearing, the Court finds that the Government has met its burden of proving the violation charged in Specification Three, that Defendant failed to answer truthfully the computer use questionnaire, which is a Grade C violation.

3. Defendant admits to contracting for a post office box in January 2004, and to using that post office box for fraudulent activity in the fall of 2004. As confirmed by Defendant's written statement to the NYPD and Probation's investigation, he continued to maintain that post office box in the spring of 2005. (Gov't Ex. 9; see also Kelly Test., Tr. 27.) Defendant failed to disclose to Probation that he rented or had access to a post office box as required on the monthly supervision report signed and completed by the Defendant in February 2005. Accordingly, the Government has met its burden of proving the violation charged in Specification Four, that Defendant failed to answer truthfully the monthly supervision report by not disclosing in the report he submitted on or about February 1, 2005, that he had access to or maintained a post office box, which is a Grade C violation.

4. It is uncontested that Defendant failed to perform the minimum required 20 hours of community service for the month of July 2005. The Court does not find credible Defendant's claim that illness prevented him from fulfilling the requirement. Defendant

also failed to fulfill the requirement in May 2005, a month in which he falsely reported 19 out of 23 claimed work hours. Accordingly, the Court concludes that the Government has met its burden of proving that Defendant has violated Specification Five by failing to perform Court ordered community service during the months of May and July 2005 at a rate of not less than 20 hours per month, which is a Grade C violation.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant has violated the conditions of his probation, as charged in Specifications Three, Four, and Five, set forth in the Probation Department's September 27, 2005 Request for Court Action and its September 28, 2005 Petition to the Court to Issue A Summons.

The Government has indicated that it will move on the next scheduled Court date in this matter, March 31, 2006, to dismiss Specifications One and Two without prejudice. (See March 1, 2006, letter from Elie Honig to the Court.) Accordingly, the Defendant shall appear before the Court for further proceedings in connection with the foregoing violations on March 31, 2006, at 3:30 p.m.

SO ORDERED.

Dated: New York, New York
March 28, 2006

LAURA TAYLOR SWAIN
United States District Judge